IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE E. ABNEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06-1248 |
| | ) |
| v. | ) Judge Cercone |
| | ) Magistrate Judge Caiazza |
| CARL WALKER and KERRY CROSS, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 9) be granted.

**II. REPORT**

The Plaintiff, Clarence Abney ("Abney" or "the Plaintiff"), is a state inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania. Abney commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that he was falsely accused of attempting to smuggle marijuana into the prison; he was given seventy five days in the Restricted Housing Unit ("RHU") as punishment. The Defendants have moved to dismiss (Doc. 9) and the Plaintiff has responded. (Doc. 12).

Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v.

Gibson, 355 U.S. 41 (1957). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The Plaintiff is proceeding pro se, and, accordingly, his Complaint, "however inartfully pleaded," is subject to more liberal review than a district court's review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

The Plaintiff's claim arises under the Due Process Clause of the Fourteenth Amendment[1]. In order to state a claim, Abney must first set out facts that demonstrate that he had a protected liberty interest that was impaired by the Defendants' actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court pronounced a new standard for determining whether prison conditions deprive an inmate of a liberty interest

---

1. The Plaintiff cites to the Fifth and Eighth Amendments in his Complaint. In his response to the Motion to Dismiss, Abney makes clear that he is not asserting that he was denied life's necessities while in the RHU. Hence, the Eighth Amendment has no application here. Further, to the extent that Abney seeks to assert a due process claim under the Fifth Amendment, that claim is foreclosed by the availability of a claim directly arising under the Due Process Clause of the Fourteenth Amendment. See, Shoemaker v. City of Lock Haven, 906 F.Supp. 230, 238 (E.D.Pa. 1995)(citing cases).

-2-

that is protected by due process guarantees[2]. Specifically, the Supreme Court held that prison conditions do not impact a protectable liberty interest unless they result in an "<u>atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life</u>." <u>Sandin</u>, 515 U.S. at 483 (emphasis added).

At issue in <u>Sandin</u> was whether the plaintiff's thirty day detention in disciplinary custody in a Hawaii prison impacted any protectable liberty interest under the Fourteenth Amendment. The Supreme Court concluded that the prisoner in <u>Sandin</u> did not have a protected liberty interest in remaining free of disciplinary detention or segregation because his thirty day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence. In finding that the prisoner's thirty day confinement in disciplinary custody did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest, the Supreme Court noted the following three factors: 1) the relatively short duration of the segregation; 2) the similarity between the conditions of confinement in disciplinary segregation and the conditions imposed upon other inmates; and 3) the lack of any direct collateral consequences affecting the length of the

---

2.  Abney cites to several pre-<u>Sandin</u> cases in his response to the Motion to Dismiss. These cases were effectively overruled by <u>Sandin</u>.

prisoner's underlying sentence. Applying this test, the Supreme Court concluded that the prisoner in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation because his thirty day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence.

Employing the due process analysis announced in Sandin, the United States Court of Appeals for the Third Circuit has concluded that placement in restrictive confinement for periods of up to one year, and even more, does not trigger a constitutionally protected liberty interest because it does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997)(it is not atypical to be exposed to conditions of administrative custody for periods as long as fifteen months as such stays are within the expected parameters of an inmate's sentence).

Here, Abney received a total of seventy five days of disciplinary detention as a result of the misconduct. Under the rule announced in Sandin, as applied in Griffin, this court must conclude Abney's disciplinary detention did not impose an atypical and significant hardship in relation to the ordinary incidents of his prison sentence sufficient to give rise to a protected liberty interest. Consequently, Abney was not entitled

to any due process protections with respect to the issuance of his misconduct report or the procedures employed during his disciplinary hearing.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 9) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 30, 2007. Responses to objections are due by April 9, 2007.

March 14, 2007        s./Francis X. Caiazza
                             Francis X. Caiazza
                             United States Magistrate Judge

cc:   Clarence E. Abney
       BY-1321
       SCI Fayette
       Box 9999
       LaBelle, PA 15450-0999