IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE E. ABNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CARL WALKER AND KERRY CROSS, )<br>)<br>Defendants. ) | 2:06cv1248<br>Electronic Filing<br>Judge David S. Cercone<br>Magistrate Judge Caiazza |

## MEMORANDUM ORDER

AND NOW, this __17__ day of May, 2007, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on March 14, 2007, and plaintiff's objections thereto, IT IS ORDERED that the Defendants' Motion to Dismiss (Doc. No. 9) be, and the same hereby is, granted. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. As aptly demonstrated in the report and recommendation, the specific claims advanced by plaintiff fail as a matter of law. Plaintiff's objections based Wolf v. McDonnell, 418 U.S. 539 (1974), are unavailing. First, plaintiff's failure to identify the infringement of a protected liberty interest is fatal to his contention that the discipline was based upon abritrary action due to the filing of fraudulent charges. See Gay v. Shannon, 211 Fed. Appx. 113 (3d Cir. 2006) ("Because [inmate] Gay was not deprived of a protected liberty interest, he failed to state a due process claim based upon alleged procedural errors at his [disciplinary] hearing or the alleged false [misconduct] charge.") (citing Sundin, 515 U.S. at 487 and Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir.1997)). Second, plaintiff's objections make clear that the "minimal" standards necessary for imposition of discipline were observed by defendants in any event. See Santiago v. Nash, 2007 WL 869031 (Slip Opinion, 3d Cir., March 23, 2007) ("The [Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56

(1985)] standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir.1989)."). Instead, compliance with the Due Process Clause is achieved where there is "some evidence" in the record to support a disciplinary decision. Id. ("In order to comport with due process, a disciplinary decision must have support, but only by 'some evidence' in the record.").

Here, plaintiff admits in his objections that he was able to request Cross to examine the surveillance tapes as part of the disciplinary proceeding and that Cross simply chose not to do so and accepted the word of Defendant Walker and the informant. Thus, the record demonstrates that the minimal protections afforded by the Fourteenth Amendment were satisfied. It follows that defendants' motion to dismiss must be granted and the claims addressed in the report and recommendation must be dismissed.

_____
David Stewart Cercone
United States District Judge

cc: Honorable Francis X. Caiazza
U.S. Magistrate Judge

Clarence E. Abney
BY-1321
SCI Fayette
P. O. Box 9999
LaBella, PA 15450-0999

Robert A. Willig, Esquire
Office of the Attorney General
Manor Complex, 6th Floor
564 Forbes Avenue
Pittsburgh, PA 15219